James E. Fitzgerald (5-1469)
Michael J. Fitzgerald (7-5351)
The Fitzgerald Law Firm
2108 Warren Avenue
Cheyenne, WY 82001
307-634-4000 (Telephone)
307-635-2391 (Facsimile)
jim@fitzgeraldlaw.com
michael@fitzgeraldlaw.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2020 SEP 15 PM 2:10

MARGARET BOTKINS, CLERK
CHEYENNE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Khrystyna Brankov, as Wrongful Death Representative in the Matter of the Wrongful Death of Bohdan Adamko, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>Deal Delivery Corporation, Inc.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 20CV174-F<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Khrystyna Brankov, as the duly appointed Wrongful Death Representative in the Matter of the Wrongful Death of Bohdan Adamko, by and through undersigned counsel, brings this *Complaint* against Deal Delivery Corporation. Plaintiff alleges:

### PARTIES, JURISDICTION, AND VENUE

1.  Khrystyna Brankov, daughter of Bohdan Adamko, is a citizen and resident of Illinois, and is the duly appointed wrongful death representative of Bohdan Adamko, who was a

citizen and resident of Illinois. She brings this action on behalf of those entitled to recover damages for the wrongful death of Bohdan Adamko.

2. Upon information and belief, Defendant Deal Delivery Corporation is incorporated in California with its principal place of business in California.

3. This Court has diversity jurisdiction over the claims pursuant to 28 U.S.C. §1332 as this is an action between citizens of different states and the amount in controversy for the wrongful death of Bohdan Adamko greatly exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

4. Venue is proper in this District under 28 U.S.C. §1391(a)(2) as a substantial part of the matters, events, and omissions giving rise to the claims occurred in the District of Wyoming.

## FACTS

5. On November 20, 2019, Bohdan Adamko was driving west on Interstate 80 in Sweetwater County, Wyoming, in a Volvo tractor hauling a semi-trailer.

6. Defendant owned a Freightliner tractor and employed its driver who was hauling a semi-trailer eastbound on Interstate 80.

7. Defendant's driver was driving too fast for the conditions, lost control, went off the pavement to his left, crossed the median, entered the westbound lanes and crashed into Mr. Adamko, killing him.

**FIRST CLAIM FOR RELIEF – NEGLIGENCE – VICARIOUS LIABILITY**

8. Plaintiff restates the allegations above and below and incorporates them by reference.

9. Deal Delivery Corporation had a duty to use reasonable care in the operations of its commercial motor vehicles.

10. Defendant breached its duties and the breaches caused Bohdan Adamko's death.

11. As its driver was acting within the course and scope of his employment with Deal Delivery Corporation when he negligently caused the death, Defendant is vicariously liable for its driver's negligence.

### SECOND CLAIM FOR RELIEF – NEGLIGENT HIRING

12. Plaintiff restates the allegations above and below and incorporates them by reference.

13. Defendant had a duty to exercise ordinary care when it hired its driver.

14. Defendant breached its duty of ordinary care when it hired him.

15. Defendant's breach of its duty of ordinary care in hiring its driver played a substantial part in bringing about Bohdan Adamko's death.

### THIRD CLAIM FOR RELIEF – NEGLIGENT TRAINING

16. Plaintiff restates the allegations above and below and incorporates them by reference.

17. Defendant had a duty to exercise ordinary care when it trained its driver.

18. Defendant breached its duty of ordinary care when it improperly trained him.

19. Defendant's breach of its duty to use ordinary care when training its driver played a substantial part in bringing about Bohdan Adamko's death.

### FOURTH CLAIM FOR RELIEF – NEGLIGENT ENTRUSTMENT

20. Plaintiffs reallege the allegations above and below and incorporate them by reference.

21. Defendant supplied the tractor its driver was operating.

22. Defendant knew or had reason to know that Defendant's driver was likely to use the tractor and semi-trailer in a manner involving an unreasonable risk of physical harm to others whom Defendant should expect to be endangered by its use.

23. Defendant knew or should have known that its driver was not competent to use the tractor and semi-trailer.

24. Defendant's negligent entrustment of its tractor and semi-trailer to its driver played a substantial part in bringing about Bohdan Adamko's death.

## FIFTH CLAIM FOR RELIEF – NEGLIGENT SUPERVISION

25. Plaintiff restates the allegations above and below and incorporates them by reference.

26. In the alternative, if defendant's driver was not acting within the course and scope of his employment with Defendant, then Plaintiff alleges that Defendant had a duty to control its driver to prevent him from conducting himself so as to create an unreasonable risk of bodily harm to Bohdan Adamko.

27. Defendant's driver was using a chattel of Defendant, namely Defendant's tractor and semi-trailer.

28. Defendant knew or had reason to know that it had the ability to control Defendant's driver.

29. Defendant knew or should have known of the necessity and opportunity for exercising such control over Defendant's driver.

30. Defendant's breach of its duty to control Defendant's driver played a substantial part in bringing about Bohdan Adamko's death.

## DAMAGES

52.     Plaintiff restates the allegations above and below and incorporates them by reference.

53.     As a result of Defendant's driver's conduct and Defendant's conduct, those entitled to claim under Wyoming law sustained damages by the loss of Bohdan Adamko's earnings and earning capacity, past and future; and his companionship, society and comfort, past and future.

WHEREFORE, Plaintiff claims compensatory damages in an amount to be determined at trial, substantially in excess of Seventy-Five Thousand Dollars ($75,000.00), costs and such further relief as the Court deems just.

Dated September 14, 2020.

                                              */s/ James E. Fitzgerald*

James E. Fitzgerald (5-1469)
Michael J. Fitzgerald (7-5351)
The Fitzgerald Law Firm
2108 Warren Avenue
Cheyenne, WY 82001
307-634-4000 (Telephone)
307-635-2391 (Facsimile)
jim@fitzgeraldlaw.com
michael@fitzgeraldlaw.com